**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Thomas T. GREGORY, Appellee.**

Court of Appeals of Kentucky.

June 10, 1960.

A. E. Funk, Jr., Middlesboro, for appellant.

Sampson Knuckles, P. D. Black, Barbourville, for appellee.

MONTGOMERY, Chief Justice.

General Motors Acceptance Corporation sued Thomas T. Gregory to recover possession of a truck financed under a conditional sales contract. The decisive issue is whether the amount of appellee's payment on March 17, 1956, was $120.04 or $1,120.04. A jury resolved the issue in favor of appellee. Appellant has moved for an appeal.

The truck was purchased by appellee from the Howard Chevrolet Company, which assigned the contract to appellant. By the terms of the contract, appellee was to pay $2,160.72 in eighteen equal monthly installments. Prior to March 17, 1956, appellee had made six payments of $120.04 each, the last being made on January 14, 1956.

Appellee contended that on March 17, 1956, he paid to Betty Richmond, secretary-treasurer of the company, the sum of $1,000 in addition to the stipulated monthly payment of $120.04. The original receipt for the payment indicated that only $120.04 was paid but the carbon copies showed a payment of $1,120.04. Appellee and his brother testified that appellee had $1,500 in cash on the day of the disputed payment. It is not clear where appellee had obtained the money. They stated that while on their way to make the payment appellee counted out $1,120.05: ten $100, five $20, and two $10 bills and a nickel; the brother counted the money also; and appellee counted it a third time. Appellee's brother counted the money out and paid it over to Betty Richmond. One penny was received in change when the payment was made, according to them. Betty Richmond denied that she had any conversation with the Gregorys and said that her records did not indicate that any such cash payment as claimed by appellee had been received.

At the time the payment was claimed to have been made, the balance due under the contract could have been discharged by the payment of $1,079.71, $40.33 less than the amount claimed to have been paid. By paying an additional $41.36, appellee could have liquidated his entire account and continued the insurance in effect for the remainder of the contract term. Appellee made no inquiry concerning the balance due. He testified that he did not wish to settle it at that time because he wanted to keep the insurance in force.

One of Betty Richmond's duties was to accept payments from persons who had contracts in which the Howard Chevrolet Company was interested. Upon receiving the money from appellee's brother, she made out an original receipt and two carbon copies. The original receipt was sent to appellant's office in Louisville, the first carbon copy was given to appellee, and the second copy was kept by the Howard Chevrolet Company.

The original receipt shows a payment of $120.04, while the amount of $1,120.04 appears on the carbon copies. Appellant contends that Betty Richmond wrote the figure "1" twice on the original receipt in order to make it more clear, and after she wrote "1" the first time the carbon copies slipped out of line with the original receipt, and when the figure "1" was written the second time on the original, it made the carbon copies appear as if two figure "1's" had been written on the original. An examination of the receipts substantiates appellant's contention. The figures on a receipt given to another customer on the same day showed a payment of $88.65, while the original receipt showed only an $8.65 payment. The figure "8" on the original receipt had been written over. However, the customer readily admitted that only $8.65 had been paid.

According to appellant's record, appellee had failed to make his April and May 1956 payments. By letter, appellee was asked to meet appellant's representative at the Howard Chevrolet Company on May 12, 1956. Appellee did not appear but his brother did and produced the copy of the March 17, 1956 receipt showing a purported payment

of $1,120.04. Upon checking the original receipt, appellant's representative and Marvin Howard of the Howard Chevrolet Company went to appellee to determine how the difference occurred. At that time appellee said that he did not know anything about his payments; that his wife took care of those things; and that they would have to check with his wife. The representative and Howard were unable to find appellee's wife. They again talked with appellee, and he then stated that he had paid whatever his receipts showed he had paid.

At the conclusion of all of the testimony, appellant's motion for a directed verdict was overruled. Appellant's motion for judgment notwithstanding the verdict also was overruled. Appellant urges that the original receipt constitutes the best evidence of the transaction as opposed to the copies, and that the verdict is flagrantly against the evidence.

The latter contention is decisive. In view of appellee's vague and unsatisfactory explanation of the payment when contrasted with his very exact and detailed statements concerning the method of payment and denominations of money, corroborated to the point of patness by his brother, the explanation given by Betty Richmond and the unlikeliness of the transaction as detailed by appellee when considered in the light of the examination of the original and carbon copies of the receipt, which plainly substantiate appellant's version of the payment, no doubt is left that the verdict is flagrantly against the evidence. As was said in Hartford Fire Ins. Co. v. Webb, 281 Ky. 276, 135 S.W.2d 883, 886, " * * * where the verdict is flagrantly or palpably against the evidence, as shown by this record, we will not hesitate to set it aside." Appellant's motions should have been sustained.

The motion for an appeal is sustained and the judgment is reversed with direction to enter judgment for the appellant.